## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Eric S. Bryant,

     Plaintiff,

v.

CHAD F. WOLF, Acting Secretary,
United States Department of Homeland Security,

     Defendant.

_____

Leonard Mungo (P43562)
Attorney for Plaintiff
Mungo & Mungo At Law, PLLC
31700 Telegraph Rd., Suite 250
Bingham Farms, MI 48025
(248) 792-7557 Office Phone
(248) 792-7303 Fax
caseaction@mungoatlaw.com

_____

## COMPLAINT AND JURY DEMAND

**There is no former or other pending civil action between these parties arising out of the same transaction or occurrence as alleged in this Complaint.**

NOW COMES PLAINTIFF, Eric Bryant ("Plaintiff"), by and through his attorneys, Mungo & Mungo At Law, PLLC, and for his complaint against

Defendant, Chad F. Wolf, Acting, Secretary of the Department of Homeland Security, ("Defendant"), hereby states as follows:

## PARTIES

1.    Plaintiff Eric S. Bryant is a resident of Macomb **COUNTY**, Michigan, within the Eastern District of Michigan.  He is an African American male and, during all relevant times is and has been an employee of Defendant United States Department of Homeland Security.

2.    Defendant Chad F. Wolf is the Acting Secretary, Department of Homeland Security, and is responsible for overseeing the United States Department of Homeland Security ("DHS"). DHS is a Department of the Executive Branch of the United States Government and is an agency within the meaning of 5 U.S.C. § 551. Defendant DHS and its component agencies , the U.S. Citizens and Immigration Services ("CIS"), U.S. Customs and Border Protection ("CBP"), and U.S. Customs and Immigration Enforcement ("ICE"), are responsible for, *inter alia*, administering DHS facilities and staff, including the Detroit Port of Entry ("D-POE") and Field Office.

3.    At all times, Defendant was an employer within the meaning of the applicable statutes, and Plaintiff was one of its employees.

2

## EXHAUSTION

4. Plaintiff filed an informal complaint of employment discrimination on the basis of race and retaliation with the Department of Homeland Security within 45 days of the commission of the unlawful employment practices alleged in this claim.

5. Plaintiff filed a formal complaint with the Department of Homeland Security on October 10, 2017.

6. Plaintiff files his complaint within 90 days of receiving the Agency's Final Order dismissing claims

## JURISDICTION AND VENUE

7. This is an action alleging a deprivation of civil rights brought pursuant to and for violations of §706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-2(a), *et seq.*

8. All of the discriminatory employment practices and violations of Plaintiff's statutory rights occurred within the Federal Eastern District of Michigan.

9. This Court has jurisdiction pursuant to the following statutes:

      a.      28 USC §1331, which gives this Court original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States;

      b.      28 USC §1343(a)(3), which gives district courts original jurisdiction over actions to redress the deprivation, under color of law, of any right, privilege, or immunity secured by the Constitution of the United States, or by any Act of Congress providing for equal rights of citizens or persons within the jurisdiction of the United States; and

      c.      42 USC § 2000e-5(f) and §§ 2000e-16(c) and -(d), which grant jurisdiction to district courts over actions by Federal employees for unlawful discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 USC §§ 2000 *et seq*.

10.     Venue is appropriate in this Judicial district under 28 USC § 1391(b), because the events that gave rise to this complaint occurred in this district, and both Plaintiff and Defendant resides and or conducts business within the venue of this court. Venue is also appropriate in this district under 42 USC § 2000e-5(f)(3) and § 2000e-16(d).

11.     The amount in controversy is in excess of $75,000.

## **NATURE OF CLAIMS**

12.     Plaintiff incorporates by reference all previous allegations.

4

13.     This is an action for equitable relief, as well as monetary damages, to redress Defendant's unlawful employment practices and retaliation against Plaintiff, including Defendant's unlawful discrimination and retaliation against Plaintiff because of his race/color and because of his complaints about such unlawful discrimination and retaliation, in violation of sec. 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-2(a), et seq. ("Title VII").

14.     Defendant DHS is vicariously liable for the actions of its employees, representatives, or agents who had supervisory status over Plaintiff.

## COMMON ALLEGATIONS

15.     Plaintiff incorporates by reference herein the allegations contained in the foregoing paragraphs.

16.     Plaintiff is African American.

17.     Plaintiff was hired by the U.S. Customs Service on or about September 10, 2002 as a Customs Inspector GS-1890-07.

18.     On or about March 9, 2003, Plaintiff was transferred to the CBP within Defendant DHS.

19.     Plaintiff is currently employed by Defendant as a Customs and Border Patrol Officer.

20.     At all times material herein, Plaintiff has performed his job duties in an exemplary manner.

5

21.    At all relevant times, Plaintiff was assigned to the D-POE, Detroit Field Office.

22.    On or about September, 2003, Plaintiff was promoted to GS-09; on or about July 25, 2004, Plaintiff was reassigned to a CBP Officer; on or about September 19, 2004, Plaintiff was promoted to GS-11; on or about August 20, 2010, Plaintiff was promoted to GS-12. From January 1, 2012 through April 21, 2012, Plaintiff was temporarily promoted to Supervisory CBP Officer.

23.    In or about July 2010, Plaintiff complained of or otherwise opposed what he reasonably believed were discriminatory actions by Defendant, including, but not limited to:   denial of training opportunities and denial of access to information. Thereafter, Defendant, by and through its agents, servants, and/or employees, retaliated against Plaintiff by, *inter alia*, being professionally humiliated and otherwise marginalized.

24.    On or about February 23, 2016, Plaintiff was denied permanent promotion to Supervisory CBPO, First Line GS-1895-13.

25.    In or about July 2016, Plaintiff complained of or otherwise opposed what he reasonably believed to be discriminatory actions by Defendant in denying him promotion to Supervisory CBPO by filing an EEOC complaint against Defendants.

6

26.    As a result of filing said EEOC complaint, Plaintiff was thereafter permanently promoted to Supervisory CBP Officer in or about March 2017 and continued in a probationary period for 18 months.

27.    In or about July 2017, Plaintiff was disciplined for allegedly being asleep on duty on or about July 20 and/or 21, 2017.  The allegation was false and was pretext for discrimination and retaliation for Plaintiff's protected activity i.e. filing said EEOC complaint.

28.    Prior to this, Plaintiff had never been disciplined.

29.    Subsequently, on or about August 30, 2017, Defendant demoted Plaintiff from GS-13-1895 Supervisor to GS-12-1895 customs officer, relying on the same allegation that Plaintiff was sleeping on duty on or about July 20, 2017. The allegation was false and was pretext for discrimination based on race (African American) and retaliation.

30.    Upon information and belief, other Caucasian and/or non-African American officers have engaged in the same conduct, or similar conduct, as that alleged against Plaintiff and have not been disciplined and or similarly demoted.

31.    In disciplining and demoting Plaintiff, Defendant disregarded and did not comply with its progressive disciplinary and or promotional policies.

32.    Defendant has no legitimate non-discriminatory or non-retaliatory reason for demoting Plaintiff and demoted him for pretextual reasons.

7

33.    The Port of Detroit 3801 Office has fostered employment practices that results in an unlawful discriminatory disparate impact on African Americans.

34.    Of 52 1st line supervisors at said Detroit Port, only 9% are African Americans.

35.    Of a total of 28 (14%) officers ranked at chief and above.

36.    Of the 600 total number of Custom Border Protection Personnel at the Detroit Port 3801, only 8% are African American.

37.    The Custom Border Protection Detroit Port 3801 has a history of unlawful discriminatory employment practices against African Americans.

## PATTERN OF DISCRIMINATION

## COUNT I
## DISPARATE IMPACT UNDER TITLE VII

38.    Plaintiff alleges illegal disparate impact under TITLE VII.

39.    Plaintiff incorporates by reference herein the foregoing paragraphs and allegations.

40.    There were no promotions, within the Port of Detroit 3801 office, of black officers to supervisory positions from 2011-2017.

8

41.    Of the Custom Border Protection, only 8% (48) of 600 employees are African American.

42.    Of the 48 total African American officers, only 4 are ranked at Chief or above, while 24 white officers are ranked at this position or above.

43.    Of the total 52 First Line supervisors at the Detroit Port, only 5 or 9% are African American while over 90% are white.

44.    The above statistics refer to the Port of Detroit 3801 office

45.    As a result of the violation of the rights of Plaintiff under TITLE VII, Plaintiff is entitled to relief, including monetary relief to remedy and compensate for the effects of Defendant's unlawful actions.

## COUNT II
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e-2(A), ET SEQ, ON THE BASIS OF RACE

46.    Plaintiff incorporates by reference herein the foregoing paragraphs and allegations.

47.    Plaintiff is a member of a protected group under the Title VII Civil Rights Act, 42 U.S.C.A. § 2000e, *et seq.*, on the basis of his race, African American.

48.    Defendant violated the aforementioned statute by the following acts:

   a. Discriminating against Plaintiff with respect to his employment, compensation, or a term, condition or privilege of employment, because of his race including, but not limited to, demoting Plaintiff;

9

b. Limiting, segregating, or classifying Plaintiff in a way which deprived or tended to deprive Plaintiff of an employment opportunity or otherwise adversely affecting the status of Plaintiff because of his race;

c. Segregating, classifying, or otherwise discriminating against Plaintiff on the basis of his race with respect to a term, condition or privilege of employment, including a benefit plan or system; and/or

d. Failing to provide a work environment free from race discrimination.

49.   Defendant's actions in violation of Title VII were willful.

50.   As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has suffered emotional injury, feelings of depression, emotional and physical distress, mental and physical anguish, loss of reputation, humiliation and embarrassment, and the physical effects associated therewith, and will so suffer in the future.

51.   As a further direct and proximate result of Defendant's violation of Title VII, Plaintiff has suffered a loss of earnings and benefits, and a loss of and impairment of his earning capacity and ability to work and will so suffer in the future; he has been required to employ the services of an attorney to bring this lawsuit and will suffer additional damages in the future.

## COUNT III
## RETALIATION IN VIOLATION OF
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 42 U.S.C § 2000e-3(a)

52.   Plaintiff herein reincorporates its allegations in the paragraphs above.

53.    Plaintiff engaged in protected activity under Title VII by repeatedly opposing Defendant's discrimination and perpetrated against him on the basis of his race, including by contacting the EEO and filing EEO complaints.

54.    Because he engaged in this protected activity, Plaintiff was subjected to adverse employment actions, including, but not limited to, demotion.

55.    As a direct and proximate result of Defendant's wrongful acts, Plaintiff has sustained injuries and damages including but not limited to, loss of earnings and earning capacity; loss of career opportunities; loss of fringe and retirement benefits; mental anguish; physical and emotional distress; humiliation and embarrassment; loss of professional reputation.

56.    Defendant's conduct was with malice and recklessly indifferent to Plaintiff's federally protected rights, entitling him to punitive damages.

## RELIEF REQUESTED

WHEREFORE, Plaintiff prays that this Honorable Court grant the following remedies:

a) Declare that the aforementioned practices and actions of Defendant constitute unlawful employment practices in violation of Title VII.

b) Award Plaintiff all lost wages and benefits, past and future, to which he is entitled;

c) Award Plaintiff appropriate equitable relief including, but not limited to, restoration to the rank of GS-13-1895;

d) Award Plaintiff compensatory damages;

11

e) Award Plaintiff exemplary damages;

f) Award Plaintiff punitive damages;

g) Award Plaintiff liquidated damages;

h) Award Plaintiff reasonable attorney fees, costs and interest; and

i) Award such other relief as this Court deems just and proper.

WHEREFORE, Plaintiff requests that this Court enter Judgment in favor of Plaintiff and against Defendant in whatever amount this Court deems reasonable, together with costs, interest and attorneys' fees.

Respectfully submitted

LAW OFFICES OF LEONARD MUNGO

*/s/ Leonard Mungo*

Attorney for Plaintiff
Leonard Mungo (P43562)
Mungo & Mungo At Law, PLLC
31700 Telegraph Rd., Suite 250
Bingham Farms, MI 48025
(248) 792-7557 Office Phone
(248) 792-7303 Fax
caseaction@mungoatlaw.com

Dated: August 17, 2020

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

Eric S. Bryant,

     Plaintiff,

v.

CHAD F. WOLF, Acting Secretary,
United States Department of Homeland Security,

     Defendant.

_____

Leonard Mungo (P43562)
Attorney for Plaintiff
Mungo & Mungo At Law, PLLC
31700 Telegraph Rd., Suite 250
Bingham Farms, MI 48025
(248) 792-7557 Office Phone
(248) 792-7303 Fax
caseaction@mungoatlaw.com

_____

## JURY DEMAND

     NOW COMES Plaintiff, Eric S. Bryant, by and through his attorneys, and

hereby demands a trial by jury of the issues in the above-captioned cause of action.


                    Respectfully submitted,

                    LAW OFFICES OF LEONARD MUNGO

13

*/s/ Leonard Mungo*

Attorney for Plaintiff
Leonard Mungo (P43562)
Mungo & Mungo At Law, PLLC
31700 Telegraph Rd., Suite 250
Bingham Farms, MI 48025
(248) 792-7557 Office Phone
(248) 792-7303 Fax
caseaction@mungoatlaw.com

Dated: August 17, 2020