UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC S. BRYANT,

        Plaintiff,

v.

ALEJANDRO MAYORKAS,
Acting Secretary, United States
Department of Homeland
Security,

        Defendant.
_____/

Case No. 2:20-cv-12214
District Judge Nancy G. Edmunds
Magistrate Judge Anthony P. Patti

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR PROTECTIVE ORDER TO PRECLUDE ADDITIONAL FACT WITNESSES (ECF No. 24), PLAINTIFF'S AMENDED MOTION TO COMPEL DISCOVERY RESPONSES AND FACT DEPOSITIONS (ECF No. 28), DEFENDANT'S MOTION FOR PROTECTIVE ORDER TO PRECLUDE A RULE 30(b)(6) DEPOSITION (ECF No. 35), AND PLAINTIFF'S SECOND MOTION TO COMPEL A RULE 30(b)(6) DEPOSITION (ECF No. 37)**

This matter came before the Court for consideration of: (1) Defendant's

motion for protective order to preclude additional fact depositions (ECF No. 24),

Plaintiff's response in opposition (ECF No. 33), and Defendant's reply brief (ECF

No. 39); (2) Plaintiff's amended[1] motion to compel discovery responses and fact

depositions (ECF No. 28), Defendant's response in opposition (ECF No. 34), and

---

[1] Plaintiff withdrew his original motion to compel depositions and responses to discovery requests.  (ECF Nos. 25, 27.)

Plaintiff's reply brief (ECF No. 41); (3) Defendant's motion for protective order to preclude a Rule 30(b)(6) deposition (ECF No. 35), Plaintiff's response in opposition (ECF No. 43), and Defendant's reply brief (ECF No. 46); (4) Plaintiff's second motion to compel a Rule 30(b)(6) deposition (ECF No. 37), Defendant's response in opposition (ECF No. 42), and Plaintiff's reply brief (ECF No. 47); and (5) the parties' joint statement of unresolved issues regarding each of the above listed motions (ECF No. 45).  Judge Edmunds referred these motions to me for a hearing and determination.  (ECF Nos. 26, 29, 36, 38.)  A hearing via Zoom technology was held on October 20, 2021, at which counsel appeared and the Court entertained oral argument regarding the motions.

Upon consideration of the motion papers and oral argument, and for all of the reasons stated on the record by the Court, <u>which are hereby incorporated by reference as though fully restated herein</u>, each of the motions (ECF Nos. 24, 28, 35, 37) is **GRANTED IN PART** and **DENIED IN PART** as follows.  First, as a threshold matter, the Court rejects Defendant's argument that Plaintiff's deposition notices are untimely because the most recent extension of the discovery period was for purposes of completing "expert discovery."  (See ECF No. 24, PageID.134; ECF No. 35, PageID.415.)  Although the joint motion for amended scheduling order identifies the need for expert discovery as a *reason* for extended deadlines, that motion also references the need for a "60-day extension *of the deadlines* in this

matter" and ultimately jointly moved "to extend the remaining deadlines[,]"

without limiting the request to expert deadlines.  (ECF No. 21) (emphasis added.)

More importantly, the Court's text-only order granting that motion made no

distinction between expert and non-expert discovery, simply extending the

discovery cut-off to September 30, 2021.  The Court speaks through its written

orders.  *United States v. Coccia*, 598 F.3d 293, 296 (6th Cir. 2010).

Next, the Court **OVERRULES** Defendant's objections (ECF No. 37-2,

PageID.477) to Plaintiff's request to take a Rule 30(b)(6) deposition (ECF No. 37),

having considered and analyzed the Fed. R. Civ. P. 26(b)(1) factors on the record.

Within two weeks of the date of the hearing—on or before **Wednesday,**

**November 3, 2021**—Defendant must produce, and Plaintiff may take the

deposition of, a Rule 30(b)(6) witness.  Plaintiff's initial questioning of the witness

may not exceed two (2) hours and must be limited to those topics listed in

Plaintiff's re-notice of the deposition (*see* ECF No. 37-2, PageID.472-474,).

Further, Defendant need only produce those documents used to assist in answering

the deposition topics, as stated in Plaintiff's re-notice.  (ECF No. 37-2,

PageID.473.)

The Court also **OVERRULES** Defendant's objections to Plaintiff's request

to take the depositions of additional fact witnesses (ECF No. 28), as modified by

the Joint List of Resolved and Unresolved Issues withdrawing the request for

"Mark's" deposition (ECF No. 45), having considered and analyzed the Fed. R. Civ. P. 26(b)(1) factors on the record.  Within two weeks of the date of the hearing—on or before **Wednesday, November 3, 2021**—Plaintiff may take the depositions of Justin Thamarus, Jason, and Nyree.  Plaintiff's counsel's initial questioning is not to exceed two (2) hours for Thamarus, 1.5 hours for Jason, and one (1) hour for Nyree.  Should Defendant's counsel ask any follow-up questions of these witnesses (or of the 30(b)(6) witness), Plaintiff's counsel may ask additional questions limited to the scope of the questions asked by Defendant's counsel.  However, the Court **DENIES** Plaintiff's request for supplemental responses to certain discovery requests (*see* ECF No. 28, PageID.248, 264), finding that Plaintiff failed to make a showing that Defendant's responses were "contradictory, evasive, nonresponsive, incomplete and upon information and belief, untruthful" (ECF No. 28, PageID.248).

In light of the timeframe for taking the above depositions, and the need to complete them and obtain transcripts before dispositive motions can be filed,  the parties placed a stipulation on the record to extend the dispositive motion deadline to **Wednesday, November 24, 2021**.

Finally, the Court awards no costs, neither party having fully prevailed on any of the motions.  Fed. R. Civ. P. 37(a)(5)(C).

**IT IS SO ORDERED.**

4

Dated: October 21, 2021

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE