UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC S. BRYANT,

      Plaintiff,

v.

ALEJANDRO MAYORKAS,

      Defendant.

Case No. 20-12214

Honorable Nancy G. Edmunds

_____/

**ORDER REGARDING DEFENDANT'S MOTIONS IN LIMINE**
**(ECF Nos. 86, 87, 88, 89, 90, 91, 92, 93, 94, 95)**

Plaintiff Eric S. Bryant brings this employment discrimination case against Defendant Alejandro Mayorkas, Secretary of U.S. Department of Homeland Security, under Title VII of the Civil Rights Act ("Title VII"), alleging race discrimination and retaliation as a result of his demotion while employed with U.S. Customs and Border Protection ("CBP"). A more detailed factual background of this case is set forth in the Court's previous opinion and order on the parties' motions for summary judgment. (ECF No. 71.) Trial is scheduled to begin on May 3, 2023. Before the Court are ten motions in limine filed by Defendant. (ECF Nos. 86-95.) Plaintiff filed a response opposing eight of the motions, (ECF Nos. 98-105), and Defendant filed a reply in further support of those motions (ECF Nos. 106-113). The Court held a hearing on April 26, 2023. This order addresses two of the motions in some detail and sets forth the rulings made from the bench as to the other eight motions.

I.      **Defendant's Motion in Limine No. 1 to Limit Damages [86]**

Defendant moves for an order limiting back pay damages and precluding front pay and punitive damages. Plaintiff concedes that he is not entitled to punitive damages

1

because CBP is a government agency but opposes the motion to the extent Defendant seeks to limit back pay damages and preclude front pay damages.

Defendant does not contest that Plaintiff will be entitled to an award of back pay if he meets his burden of proving a Title VII violation. *See Pittington v. Great Smokey Mt. Lumberjack Feud, LLC*, 880 F.3d 791, 799 (6th Cir. 2018) ("successful Title VII plaintiffs are presumptively entitled to back pay") (citation omitted). Defendant seeks, however, to limit back pay to the time period between Plaintiff's demotion and October 2019—the date then-Port Director Marty Raybon, who recommended the demotion, left the Port of Detroit.

"Generally, back pay is calculated by subtracting the amount the plaintiff actually earned while being discriminated against from the amount that the plaintiff would have earned if no discrimination had occurred." *Id.* at 799 (internal quotations and citation omitted). But Title VII requires plaintiffs to mitigate damages. *See id.* Thus, "any interim earnings or amounts earnable with reasonable diligence by the person discriminated against" must be deducted from the back pay award. *Id.* at 800 (internal quotations and citation omitted). The plaintiff bears the initial burden of presenting evidence on the issue of damages, but the defendant bears the burden of establishing the amount of interim earnings or lack of diligence. *Id.* The defendant may meet that burden by proving: "1) there were substantially equivalent positions which were available; and 2) the claimant failed to use reasonable care and diligence in seeking such positions." *Id.*

Plaintiff seeks the difference in salary between what he has earned as an officer and what he could have earned as a supervisor as an award of back pay. Defendant argues, however, that Plaintiff has not done anything to mitigate these damages. The same position that he was demoted from has become available numerous times, but

2

Plaintiff has not reapplied for promotion since his demotion. There have been nine promotions since Raybon's departure from the Port of Detroit in October 2019.

Plaintiff does not deny that he has not re-applied for promotion since his demotion or that an officer may be re-promoted following a demotion. Instead, Plaintiff argues that he is not eligible for promotion because "white supervisors have given [him] failing promotional scores so that it is not even possible to promote if he wanted to." (ECF No. 101, PageID.2195.) In support of this assertion, Plaintiff attaches a document indicating that his Career Experience Inventory ("CEI") score decreased from 87 in 2016 to 65 in 2021. (*Id.* at PageID.2199.) But Defendant has provided a declaration stating that the CEI score is based on a self-reported inventory of skills and experiences with no input from any management officials. (ECF No. 106-3.) And as CBP's Candidate Feedback Guide that was attached by Plaintiff himself indicates, the CEI score is only 30% of the total score. (ECF No. 101, PageID.2207.) According to Defendant's declaration, Plaintiff's total assessment score makes him eligible for promotion. (ECF No. 106-3.) While being eligible for promotion does not necessarily mean that he would have been promoted, Plaintiff was required to at least make an effort to mitigate his damages. Here, there were admittedly no efforts to seek re-promotion despite the availability of opportunities to do so. Thus, the Court limits back pay to the time period between the demotion and October 2019.

With regard to front pay, the Court makes "the initial determination of the propriety of" such an award. *Arban v. West Publ'g Corp.*, 345 F.3d 390, 406 (6th Cir. 2003) (internal quotations and citation omitted). "Generally, in awarding front pay, the following factors are relevant: (1) the employee's future in the position from which []he was terminated; (2) [his] work and life expectancy; (3) [his] obligation to mitigate [his] damages; (4) the

3

availability of comparable employment opportunities and the time reasonably required to find substitute employment; (5) the discount tables to determine the present value of future damages; and (6) other factors that are pertinent in prospective damage awards." *Suggs v. ServiceMaster Educ. Food Management*, 72 F.3d 1228, 1234 (6th Cir. 1996) (internal quotations and citation omitted).

Here, Plaintiff does not put a limit on the duration of a front pay award and calculates his damages based on a life expectancy of the age of 82. *See Burton v. Zwicker & Assocs.*, 577 F. App'x 555, 567 (6th Cir. 2014) (stating that the plaintiff had "to provide at least some evidence . . . to establish a reasonable limit on the duration on the award" of front pay). Also, as discussed above, Plaintiff failed to mitigate his damages by not applying for re-promotion despite the availability of promotional opportunities. And Plaintiff may re-apply for promotion in the future. Thus, the Court finds an award of front pay inappropriate.

For the foregoing reasons and the reasons stated on the record during the April 26 hearing, Defendant's Motion in Limine No. 1 to Limit Damages [86] is GRANTED.

II. **Defendant's Motion in Limine No. 8 to Exclude Improper Comparator Evidence [93]**

In its previous opinion and order, the Court found a genuine question of material fact as to whether Plaintiff was treated less favorably than a similarly situated white employee, Justin Thamarus, for the same conduct. (ECF No. 71, PageID.1827.) During discovery, it was revealed that two other white officers, Jason Maxwell and Pete Gust, were also disciplined for sleeping on duty.[1] Defendant seeks to exclude the evidence

---

[1] Maxwell testified that he and Gust were "written up" after being accused of sleeping on duty. (ECF No. 93-2.)

4

regarding these officers based on the argument that they were not similarly situated to Plaintiff.

To be similarly situated, "the individuals with whom the plaintiff seeks to compare his/her treatment must have dealt with the same supervisor, have been subject to the same standards and have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it." *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 583 (6th Cir. 1992) (citations omitted). But "exact correlation" is not required for two employees to be similarly situated, only that the employees be similarly situated in all "'*relevant* aspects.'" *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 352 (6th Cir. 1998) (quoting *Pierce v. Commonwealth Life Ins. Co.*, 40 F.3d 796, 802 (6th Cir. 1994)).

At the summary judgment stage, Defendant argued that Justin was not similarly situated to Plaintiff because Justin was an officer, not a supervisor, when he fell asleep on duty; there is no evidence management was made aware of Justin sleeping at the time; and Justin was not on probation when this took place. The Court reasoned, however, that "while the record indicates that Justin was an officer when he fell asleep on duty and management may not have been aware of the incident at the time, it is undisputed that management learned during the pendency of this lawsuit that Justin fell asleep in a pursuit vehicle years ago. An investigation was conducted, and Justin, then a supervisor, received only a written counseling." (ECF No. 71, PageID.1826-27.) The Court acknowledged that probationary status is relevant to the similarly-situated inquiry but found the distinction between probationary and permanent supervisors insufficient on its own to explain why Plaintiff and Justin were treated differently. (*Id.* at PageID.1827.)

Jason Maxwell and Pete Gust were even less similarly situated to Plaintiff than Justin Thamarus was. Not only were they not on probation, but they were officers, not supervisors, when disciplined for sleeping on duty. There is also no evidence that the same decisionmakers were involved in their discipline. Nonetheless, these employees received a less severe form of discipline for the same underlying conduct and Defendant acknowledges that the Table of Offenses and Penalties applies to both officers and supervisors. "Whether the comparison between similarly situated individuals is sufficiently relevant is itself a jury question." *See Bledsoe v. TVA Bd. of Directors*, 42 F.4th 568, 586 (6th Cir. 2022) (citing *Strickland v. City of Detroit*, 995 F.3d 495, 514 (6th Cir. 2021)); *see also Moore v. City of Clarksville*, No. 3:10-0141, 2011 U.S. Dist. LEXIS 78474, at *16 (M.D. Tenn. July 19, 2011) ("Exact comparators are often hard to come by, and whether any two employees are similarly situated often presents a question of fact for the jury."). Accordingly, Defendant's Motion in Limine No. 8 to Exclude Improper Comparator Evidence [93] is DENIED.

### III.     The Remaining Motions

For the reasons stated on the record during the April 26 hearing, the Court resolves the remaining motions as follows:

- Defendant's Motion in Limine No. 2 to Exclude Statistical Evidence [87] is GRANTED. If Plaintiff is able to provide context to the statistical evidence he wishes to present to the jury, the Court may reconsider and allow admission of that evidence.

- Defendant's Motion in Limine No. 3 to Exclude Reference to Implicit Bias [88] is GRANTED.

- Defendant's Motion in Limine No. 4 to Exclude Reference to CBP's Wireless Communication Policies [89] is GRANTED. Plaintiff is precluded from submitting evidence of CBP's wireless communication policies or referring to an alleged violation of these policies by Joseph Morin.

- Defendant's Motion in Limine No. 5 to Exclude Certain Evidence Relating to Justin Thamarus [90] is GRANTED. The photo and e-mail at issue are not admissible. To the extent Plaintiff wishes to use the e-mail for impeachment purposes, he must first request permission to allow the Court to evaluate the context of its use.

- Defendant's Motion in Limine No. 6 to Exclude Evidence Relating to Other Acts of Alleged Discrimination [91] is DENIED. Evidence regarding the failure to promote the named African-American employees may be relevant.

- Defendant's Motion in Limine No. 7 to Exclude Evidence or Argument Regarding Motivations of Non-Decisionmakers [92] is GRANTED.

- Defendant's Motion in Limine No. 9 to Limit Evidence Relating to Plaintiff's Prior Discrimination Complaints [94] is GRANTED. As set forth in the motion, Defendant does not object to the introduction of the following evidence regarding Plaintiff's prior complaints: 1) the dates of the complaints, 2) a brief description of the nature of the claims, 3) the individuals involved, and 4) the resolution of the claims. But evidence regarding the substantive allegations in the complaints is excluded.

- Defendant's Motion in Limine No. 10 to Exclude Testimony of Barry G. Dickey and Certain Testimony of Gerald Shiener, M.D. [95] is DENIED as moot. The underlying issues in this motion have already been ruled upon by the Court. (ECF No. 71, PageID.1829 n.3.) And Plaintiff does not seek to admit the evidence previously struck.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: April 30, 2023

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 30, 2023, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager