UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC S. BRYANT,

        Plaintiff,                               Case No. 20-12214

v.                                               Honorable Nancy G. Edmunds

ALEJANDRO MAYORKAS,

        Defendant.

_____/

### AMENDED ORDER REGARDING DEFENDANT'S
### MOTION IN LIMINE NO. 1 TO LIMIT DAMAGES [86]

Plaintiff Eric S. Bryant brings this employment discrimination case against Defendant Alejandro Mayorkas, Secretary of U.S. Department of Homeland Security, under Title VII of the Civil Rights Act ("Title VII"), alleging race discrimination and retaliation as a result of his demotion while employed with U.S. Customs and Border Protection ("CBP"). Trial commenced in this matter on May 3, 2023. Prior to the start of trial, the Court issued an order granting Defendant's Motion in Limine No. 1 to Limit Damages (*see* ECF No. 119), but upon further reflection, amends that order as set forth below.

Defendant moved for an order limiting back pay damages and precluding front pay and punitive damages. Plaintiff conceded that he is not entitled to punitive damages because CBP is a government agency but opposed the motion to the extent Defendant sought to limit back pay damages and preclude front pay damages.

"Back pay . . . is money awarded for lost compensation during the period between the date of the plaintiff's injury . . . and the date on which damages are determined." *Szeinbach v. Ohio State Univ.*, 820 F.3d 814, 820 (6th Cir. 2016) (citation omitted). The

1

Sixth Circuit has stated that "successful Title VII plaintiffs are presumptively entitled to back pay." *See Pittington v. Great Smokey Mt. Lumberjack Feud, LLC*, 880 F.3d 791, 799 (6th Cir. 2018) (citation omitted). "Generally, back pay is calculated by subtracting the amount the plaintiff actually earned while being discriminated against from the amount that the plaintiff would have earned if no discrimination had occurred." *Id.* at 799 (internal quotations and citation omitted). But Title VII requires plaintiffs to mitigate damages. *See id.* Thus, "any interim earnings or amounts earnable with reasonable diligence by the person discriminated against" must be deducted from the back pay award. *Id.* at 800 (internal quotations and citation omitted). The plaintiff bears the initial burden of presenting evidence on the issue of damages, but the defendant bears the burden of establishing the amount of interim earnings or lack of diligence. *Id.* The defendant may meet that burden by proving: "1) there were substantially equivalent positions which were available; and 2) the claimant failed to use reasonable care and diligence in seeking such positions." *Id.*

Here, Defendant sought to limit back pay to the time period between Plaintiff's demotion and October 2019—the date then-Port Director Marty Raybon, who recommended the demotion, left the Port of Detroit—due to the lack of mitigation. There have been nine promotions since Raybon's departure, but Plaintiff did not apply for re-promotion even once since his demotion.

In his response to Defendant's motion in limine, Plaintiff did not deny that he had not applied for re-promotion or that an officer may be re-promoted following a demotion. Instead, Plaintiff based his opposition to the motion primarily on the argument that he was no longer eligible for promotion because "white supervisors have given [him] failing

2

promotional scores so that it is not even possible to promote if he wanted to." (ECF No. 101, PageID.2195.) But Defendant provided evidence establishing that Plaintiff is eligible for promotion. (*See* ECF No. 119, PageID.2384.) Because Plaintiff had admittedly made no efforts to seek re-promotion despite the availability of opportunities to do so, the Court granted Defendant's request to limit back pay to the time period between the demotion and October 2019. During Plaintiff's opening statement, however, Plaintiff's counsel suggested that the reason he did not apply for re-promotion is that he was afraid of further retaliation. In light of this argument and considering the general rule that the reasonableness of efforts to mitigate damages is usually a question of fact for the jury, *see Konczal v. Zim Tim, LLC*, No. 19-12275, 2021 U.S. Dist. LEXIS 72473, at *18 (E.D. Mich. Apr. 15, 2021), the Court denies the motion in limine to the extent Defendant seeks to limit back pay damages.

"Front pay is different. Trial courts play a gatekeeping role and can thus dispense with any possibility of a front pay award before a jury reaches a finding on liability." *See Kelmendi v. Detroit Bd. of Educ.*, No. 12-14949, 2017 U.S. Dist. LEXIS 63652, at *25 (E.D. Mich. Apr. 27, 2017). So, "[w]hile the determination of the precise amount of an award of an award of front pay is a jury question, the initial determination of the propriety of an award of front pay is a matter for the court." *Arban v. West Publ'g Corp.*, 345 F.3d 390, 406 (6th Cir. 2003) (internal quotations and citation omitted). "Generally, in awarding front pay, the following factors are relevant: (1) the employee's future in the position from which []he was terminated; (2) [his] work and life expectancy; (3) [his] obligation to mitigate [his] damages; (4) the availability of comparable employment opportunities and the time reasonably required to find substitute employment; (5) the discount tables to

3

determine the present value of future damages; and (6) other factors that are pertinent in prospective damage awards." *Suggs v. ServiceMaster Educ. Food Management*, 72 F.3d 1228, 1234 (6th Cir. 1996) (internal quotations and citation omitted).

Here, Plaintiff does not put a limit on the duration of a front pay award and calculates his damages based on a life expectancy of the age of 82. *See Burton v. Zwicker & Assocs.*, 577 F. App'x 555, 567 (6th Cir. 2014) (stating that the plaintiff had "to provide at least some evidence . . . to establish a reasonable limit on the duration on the award" of front pay). Also, as discussed above, Plaintiff did not apply for re-promotion despite the availability of promotional opportunities. Notwithstanding these facts, however, additional evidence related to the relevant factors may be presented during the course of the trial. Thus, the Court finds a determination as to the issue of front pay premature.

For the foregoing reasons, Defendant's Motion in Limine No. 1 to Limit Damages (ECF No. 86) is DENIED as to back pay and TAKEN UNDER ADVISEMENT as to front pay. The Court will rule on the propriety of an award of front pay at the conclusion of trial (prior to submission of the case to the jury).

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: May 5, 2023

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 5, 2023, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager